UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| YOLAUNDA ROBINSON<br>8651 DeSoto Drive<br>Cincinnati, Ohio 45231 | : | CASE NO. **1:08 CV 238** |
| | : | Judge **J. BARRETT** |
| Plaintiff, | : | |
| -vs- | : | |
| CINCINNATI METROPOLITAN<br>HOUSING AUTHORITY<br>16 West Central Parkway<br>Cincinnati, Ohio 45202 | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendant. | : | |

## Introduction

1. Plaintiff, Yolaunda Robinson brings this action against Defendant, the Cincinnati Metropolitan Housing Authority ("CMHA") for sex discrimination and unlawful denial of occupancy rights based on her sex and her status as a victim of domestic violence.

2. The civil wrongs for which Defendant is liable include violations of the Fair Housing Act ("FHA"), the Ohio Civil Rights Act and Ohio common law.

## Parties, Jurisdiction and Venue

3. Plaintiff, Yolaunda Robinson, is a tenant of CMHA in a scattered site public housing unit, a single family home located at 8651 DeSoto Drive, Cincinnati, Ohio ("the premises"). Until recently, she lived there with her two children, 18 year old Diontae and 9 year old Alayejah. While she continues to pay rent and utilities for this address, she has been unable to live there since January 14, 2008, after being beaten by her ex-boyfriend, Charles E. Davis, Sr.

Ms. Davis threatened to kill Ms. Robinson if she returned to the premises. Since that time she has feared for her safety and the safety of her family, and so she has been staying at other undisclosed locations.

4.  Defendant, CMHA owns and manages the public housing unit at issue. Defendant is a public housing authority within the meaning of the National Housing Act of 1937, 42 U.S.C. §1437 *et seq.*, which is financially assisted by the federal government and is governed by federal regulations. CMHA has about 5000 public housing units in Hamilton County and hundreds of households move out every year, so there are many units available. Ms. Robinson has requested a transfer and provided CMHA with evidence of the domestic violence. Despite the beating and death threat, and Ms. Robinson's timely request, CMHA has refused to transfer Ms. Robinson to another available public housing unit.

5.  This Court has jurisdiction over Plaintiff's federal claims based on 28 U.S.C. §§ 1331 & 1343; and supplemental jurisdiction over the state claims based on 28 U.S.C. § 1367.

6.  Venue is proper under 28 U.S.C. § 1391, because all causes of action alleged in this Complaint arose in the Southern District of Ohio.

### Statement of Facts

7.  Yolaunda Robinson moved to the premises in late December of 2006 with her two children. The premises is known as a "scattered site" public housing unit, in that it is a single family home owned and operated by CMHA. As a public housing resident, Ms. Robinson pays approximately 30% of household income in rent. CMHA receives subsidies from the U.S. Department of Housing and Urban Development ("HUD") to compensate it for the balance of the rent for the unit.

8. In March 2007, Ms. Robinson began dating Charles E. Davis, Sr. He lived down the street from her mother. Mr. Davis and his mother later moved just half a block down the street from the premises. From June through December of 2007, Mr. Davis physically abused Ms. Robinson on numerous occasions. He was extremely controlling and paranoid.

9. On December 25, 2007, Ms. Robinson told Mr. Davis that their relationship was over. He again beat her and tried to stab her with a knife. She returned to the premises, but since she feared for her safety, she left that night, and stayed at an undisclosed location for the following three weeks.

10. Ms. Robinson returned to the premises on January 14, 2008. Mr. Davis came to the premises claiming that he wanted to talk to her. When she refused to unlock the door, he broke in and assaulted her. Mr. Davis punched her in the head several times, then began beating her in the head with a vacuum cleaner. Mr. Davis threatened to kill her if she ever returned home. Ms. Robinson was able to call 911, at which point Mr. Davis ran away. Ms. Robinson filed a police report against him. Ms. Robinson went to the hospital and required five staples in her head to close the wound that he caused.

11. Since the incident, Ms. Robinson has not been living at the premises out of fear. On January 25, 2008, she petitioned for a Civil Stalking or Sexually Oriented Offense Protection Order against Mr. Davis. She was subsequently granted an *ex parte* protection order, Hamilton County Common Pleas Court Case No. SK080070. On information and belief, criminal charges are pending against Mr. Davis. On February 8, 2008, Ms. Robinson received an Order continuing the Protection Order through June 4, 2008.

12. Ms. Robinson has been staying at other locations since that time. She continues to pay her rent and utilities for the premises, but has not been living there. Her daughter has been so

traumatized by this situation that she will not return to the premises with her mother even for a few minutes to check the mail.

13. Within a few days of the January 14 incident, Ms. Robinson contacted Crystal Stollings, the Assistant Property Manager for CMHA's Scattered Sites West. Ms. Robinson requested to be transferred to another unit because of the domestic violence. At first, Ms. Robinson was given the impression that she would be eligible for a transfer. She submitted a transfer application and then waited to hear back from CMHA. She contacted Ms. Stollings several times after submitting the transfer. Ms. Stollings told her that it would take a couple of months before they heard anything because the transfer went to an outside office.

14. About a week later, a social worker from CMHA contacted Ms. Robinson. She told Ms. Robinson that she needed to fill out another form. Ms. Robinson immediately completed the form and turned in back in to CMHA. After having several more telephone calls go unanswered, Ms. Stollings told Ms. Robinson that her request for a transfer was denied. Ms. Stollings told her that her situation did not qualify for a transfer under CMHA policy. She received a letter denying the transfer on March 4, 2008.

15. CMHA's Admissions and Continued Occupancy Policy (ACOP) allows for transfers in many different situations. When a unit or building conditions poses an immediate threat to resident life, health or safety, as determined by CMHA, an emergency transfer is required. A "Category 1 Administrative Transfer" is required to provide housing options to residents who are victims of federal hate crimes or extreme harassment.

16. Ms. Robinson and her counsel contacted CMHA several times after the denial, but CMHA refused to change its decision to deny the transfer. CMHA's failure to follow its own

ACOP have made Ms. Robinson homeless for the past three months. Ms. Robinson has been, and continues to be irreparably harmed by CMHA.

## FIRST CAUSE OF ACTION

### (Violation of Fair Housing Act, 42 U.S.C. § 3604(a) and (b) Intentional Discrimination.)

17. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully rewritten herein.

18. By refusing to grant Ms. Robinson occupancy rights granted to other tenants, specifically a transfer to a safe location, based on the criminal behavior of Ms. Robinson's domestic abuser, CMHA has intentionally discriminated against Ms. Robinson on the basis of sex, adversely effecting her opportunity to rent a dwelling and the terms, conditions, and privileges of the rental, in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (b).

19. Defendant engaged in such discriminatory conduct intentionally, willfully, and in disregard of the rights of Plaintiff.

20. Plaintiff has suffered injury and irreparable harm as a result of Defendant's illegal conduct.

## SECOND CAUSE OF ACTION

### (Violation of Fair Housing Act, 42 U.S.C. § 3604(a) and (b) Disparate Impact.)

21. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully rewritten herein.

22. By adopting a policy or practice of denying the victims of domestic violence transfers, while allowing for transfers in other situations, CMHA has engaged in a practice that has a disparate impact on women, because the great majority of domestic violence victims are women, and that discriminates on the basis of sex, in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (b).

23. Defendant engaged in such discriminatory conduct intentionally, willfully, and in disregard of the rights of Plaintiff.

24. Plaintiff has suffered injury and irreparable harm as a result of Defendant's illegal conduct.

## THIRD CAUSE OF ACTION

### (Violation of the Ohio Civil Rights Act, O.R.C. 4112 *et seq.*)

25. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully rewritten herein.

26. By refusing to grant Ms. Robinson occupancy rights granted to other tenants, specifically a transfer to a safe location, based on the criminal behavior of Ms. Robinson's domestic abuser, CMHA has intentionally discriminated against Ms. Robinson on the basis of sex, in violation of the Ohio Civil Rights Act, O.R.C. § 4112.02(H).

27. Defendant engaged in such discriminatory conduct intentionally, willfully, and in disregard of the rights of Plaintiff.

28. Plaintiff has suffered injury and irreparable harm as a result of Defendant's illegal conduct.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Harm)

29. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully rewritten herein.

30. Defendant intentionally, recklessly, and/or negligently failed to transfer Plaintiff with intentional and/or reckless disregard for Plaintiff's health and safety. Defendant's conduct should be regarded as atrocious and utterly intolerable in a civilized community. Defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

31. As a direct and proximate result of Defendant's negligent, reckless and/or intentional infliction of emotional distress, by outrageous failure to meet the obligation to provide a decent, safe, and sanitary unit, Plaintiff has suffered insult, humiliation and emotional distress.

## Demand for Relief

WHEREFORE, Plaintiff, demands judgment against Defendant as follows:

1. Declare that the discriminatory practices of the Defendant, as set forth above, violate the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*;

2. Declare that the discriminatory practices of the Defendant, as set forth above, violate Ohio's Civil Rights Act, O.R.C. §4112.02(H);

3. Enjoin Defendant, its agents, employees, successors from refusing to grant Ms. Robinson and all other domestic violence victims the occupancy rights granted to other tenants, including but not limited to, a transfer to a safe location because they are victims of domestic violence;

4. Order Defendant to immediately transfer Plaintiff to a suitable scattered site unit;

5. Order Defendant to amend its ACOP pursuant to the direction of the Public Housing Guidebook regarding the development of a transfer policy for domestic violence victims;

6. Award Plaintiff actual and compensatory damages for the injuries caused by Defendant's discriminatory actions, pursuant to 42 U.S.C. § 3613 and O.R.C. §4112.051;

7. Award Plaintiff punitive damages pursuant to 42 U.S.C. § 3613 and O.R.C. §4112.02(H);

8. Award Plaintiff reasonable costs and attorney fees pursuant to 42 U.S.C. § 3613 and O.R.C. §4112.02(H).

9. An order for all other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Nicholas J. DiNardo
Nicholas J. DiNardo (0069544)
Lucia Christopher (0081979)
Attorneys for Plaintiff
Legal Aid Society of Southwest Ohio
215 East 9th Street, Suite 500
Cincinnati, Ohio 45202
(513) 241-9400; (513) 241-1187 (fax)

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in the foregoing Complaint be tried to a jury.

/s/ Nicholas J. DiNardo
Nicholas J. DiNardo
Attorney at Law

Please serve:

Cincinnati Metropolitan Housing Authority
16 W. Central Parkway
Cincinnati, Ohio  45202